## CLARK et al. v. LUND.

No. 3376.  Decided November 25, 1919.  (184 Pac. 821.)

1.  LIMITATION OF ACTIONS—CONTRACTS TO SHORTEN PERIOD VALID. Parties to a contract may stipulate for a period of limitations shorter than that fixed by the statute of limitations.  (Page 286.)

2.  SALES—RELEASE FROM FURTHER LIABILITY NOT COVENANT TO REFRAIN FROM SUIT.  A clause in a "guaranty contract," in which a seller represented and warranted a stallion, "this contract expires, and the seller is hereby released from any further obligations to the purchaser after April 1, 1915," was not a covenant or agreement not to sue on the contract after April 1, 1915.  (Page 286.)

3.  SALES—RELEASE CONSTRUED.  A clause in a "guaranty contract," in which a seller warranted a stallion to be serviceably sound, "this contract expires, and the seller is hereby released from any further obligations to the purchasers after April 1, 1915," had the effect of releasing the seller from any duties or defaults occurring after April 1, 1915, but did not prevent the purchasers from suing for defaults occurring prior to such date.  (Page 287.)

4.  LIMITATION OF ACTIONS—SIX-YEAR STATUTE APPLICABLE TO BREACH OF WARRANTIES IN SALE.  An action *held* based on an alleged breach of contract of warranty and governed by the six-year statute of limitations, and not Comp. Laws 1917, section 6468, prescribing three years as the period for the commencement of action for relief on the ground of fraud; although it was alleged in the complaint that representations and warranties in the agreement were false and untrue.  (Page 287.)

'Appeal from District Court of Utah County, 'Fourth District; *A. B. Morgan,* Judge.

Action by E. W. Clark and others against L. W. Lund. From judgment of dismissal, plaintiffs. appeal.

REVERSED.

*Parker & Robinson,* of Provo, for appellants.

*Edward McGurrin* and *W. E. Rydalch,* both of Salt Lake City, for respondent.

WEBER, J.

The amended complaint filed by plaintiffs is, in substance, that on December 17, 1913, plaintiffs purchased a stallion from defendant for the sum of $2,600, and that the parties at that time entered into a contract denominated a "guaranty contract," in which the defendant represented and warranted the stallion to be serviceably sound. The contract, which is set out in the complaint, contains, among others. this provision:

"This contract expires, and the seller is hereby released from any further obligations to the purchasers after April 1, 1915."

It is further alleged that the representations and warranties in the agreement were false and untrue, and that said stallion, at the time of sale was afflicted with chronic inflammation of the liver, and that because of such disease he died on or about May 13, 1914. Plaintiffs further allege that they duly performed all conditions precedent on their part to be performed under the terms of the agreement, and that the said stallion, if as represented and warranted by the defendant, would be of the value of $2,600, but, if not as represented and warranted, would be of no value whatever.

To the amended complaint defendant demurred on these grounds:

"(1)   That said amended complaint does not state facts sufficient to constitute a cause of action.

"(2)   That said alleged cause of action set forth in said amended complaint is barred by the provisions of subdivision 4 of section 2877 of the Compiled Laws of Utah of 1907, and also is barred by

the provisions of subdivision 4 of section 6468 of the Compiled Laws of the State of Utah of 1917.

"(3)    That on its face said amended complaint shows that the alleged cause of action set forth therein is barred by the provisions of subdivision 4 of section 2877 of the Compiled Laws of the State of Utah of 1907, and also is barred by the provisions of subdivision 4 of section 6468 of the Compiled Laws of the State of Utah of 1917.

"(4)    That upon its face said amended complaint shows that the alleged cause of action therein set forth is null, void, expired and fully released, and of no further effect or binding after the 1st day of April, 1915, and that it is also barred by the provisions of subdivision 4 of section 2877 of the Compiled Laws of the State of Utah of 1907, and is also barred by the provisions of subdivision 4 of section 6468 of the Compiled Laws of the State of Utah of 1917."

The demurrer was sustained by the court. Plaintiffs electing to stand on the complaint, the cause of action was dismissed. From the judgment of dismissal plaintiffs appeal.

The respondent contends here, as he did in the trial court, that the sentence, "This contract expires, and the seller is hereby released from further obligations to the purchasers after April 1, 1915," is, first, a covenant not to sue, and, second, a complete release and extinguishment of the contract.

In support of the first contention, it is argued that parties to a contract may stipulate for a period of limitations shorter than that fixed by the statute of limitations,    1, 2 and authorities are cited supporting that well-established proposition. It is further said by respondent's counsel that courts sometimes construe a release as a contract not to sue. We also agree with the latter assertion. From these premises counsel draw the conclusion that the sentence above quoted from the contract is a covenant not to sue—that plaintiffs covenanted and agreed not to bring any suit on the contract after April 1, 1915. Such a conclusion does not, and cannot, follow in this case, unless the plain language and meaning of the contract be distorted out of all semblance of reason. If the seller is liable for any breaches of the warranties contained in the contract occurring before April 1, 1915, the purchasers may bring suit at any time within the statutes of limitations, but they cannot recover on breach of

warranty occurring after April 1, 1915, is clearly the meaning of the paragraph in question.

The other proposition advanced by defendant is also without merit. "This contract expires, and the seller is hereby released from any further obligations to the purchasers after April 1, 1915," means what it says: and that is, that the defendant is released and discharged from all obligations, duties, and defaults occurring after April 1, 1915, and it is logically and necessarily implied that he is liable for breaches of contract before the date named and that he is released from none of those. The words "after April 1, 1915," limit the obligations to that date, and nothing that may happen after or beyond the date specified shall create any obligation or liability on the part of the seller.

A similar provision of a contract was construed in *Board of Education* v. *Wright-Osborne Co. et al.*, 49 Utah, 468, 164 Pac. 1038. Referring to a provision in a contract that a bond should "expire two years from the date of contract," it is said by Mr. Justice FRICK:

"The meaning as well as the apparent intention of the provision clearly is that the obligation in the bond shall not cover any defaults of the contractor under his contract which occur after the expiration of two years."

In that case, as in this, suit was brought on the bond after its termination and based on defaults occurring before its expiration. If we entertained any doubt as to the meaning and effect of the contract set out in plaintiffs' complaint, we would still be inclined to hold the case above referred to as applicable to and decisive of the propositions presented in respondent's brief.

This suit being based on an alleged breach of contract occurring in 1914, and having been commenced within six years after the alleged cause of action accrued, the statute of limitations (Comp. Laws Utah 1917, section 6468) prescribing three years as the period for the commencement of action for relief on the ground of fraud cannot be successfully invoked by defendant.

We are of the opinion that the court erred in sustaining the

demurrer interposed by defendant to the amended complaint.

The judgment dismissing the action is therefore reversed, with costs to appellant.

CORFMAN, C. J., and FRICK, GIDEON, and THUR-MAN, JJ., concur.